REQUESTED BY: Senator Loran Schmit Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Schmit:
This is in response to your inquiry concerning amendments 1233 to LB 653, and more particularly the amendments in section 5, which would amend Neb.Rev.Stat. § 8-150 dealing with the authority of state banks to acquire and convey real estate, and the constitutionality of such amendments considering the provisions of Article XII, Section 8, of our Constitution, more commonly known as Initiative 300.
Your first inquiry concerns that part of section 5 which would amend § 8-150 to provide that banks may purchase, hold and convey real estate ". . . (2) such as shall be conveyed to it for debts due the bank; and (3) such as it shall purchase at sale under judgments, decrees, deeds of trust, or mortgages held by the bank or shall purchase to secure debts due to it. . . ."
The applicable portion of Article XII, Section 8, of the Constitution provides that the restrictions against corporations acquiring any interest in real estate used for farming or ranching shall not apply to: "(K) Agricultural lands . . . acquired by a corporation or syndicate by process of law in the collection of debts, or by any procedures for the enforcement of a lien, encumbrance, or claim thereon, whether created by mortgage or otherwise." (Emphasis added.)
In a case challenging the constitutionality of Initiative 300, the District Court of Lancaster County recently held that to the extent that Initiative 300 would prohibit national banks from acquiring real estate "conveyed to it in satisfaction of debts previously contracted in the course of its dealings," or "purchased to secure debts to it," it would be unconstitutional. Omaha National Bank v. Spire, Lancaster County, 372-190.
Although the Omaha National Bank case did not involve the rights of state banks, in our opinion, paragraph (K) of Article XII, Section 8, of our Constitution is self-executing and authorizes both state and national bank corporations to acquire farm or ranch land used as security for any debt owed to them, in satisfaction of the debt.
You have also asked if the amendment to Neb.Rev.Stat. Sections 8-150 contained in the last sentence of section 5 of the proposed amendment to LB 653 is contrary to the provisions of Article XII, Section 8, of the Nebraska Constitution.
The last sentence of the amendment to section 5 of LB 653 provides that: "A bank may utilize property acquired by it under subdivisions (2) and (3) of this section in any manner authorized by the department [of banking]."
In this regard, paragraph (K) of Article XII, Section 8, provides in part that "[a]ny lands so acquired . . . (in the collection of debts or for enforcement of a lien, etc.) . . . shall not be used for farming or ranching prior to being disposed of, except under a lease to a family farm or ranch corporation or a non-syndicate and non-corporate farm or ranch."
To the extent that the Department of Banking would, under the authority of the proposed amendment to LB 653, authorize a bank to use farm or ranch land, acquired in satisfaction of a debt which it secured, contrary to the limitations provided in paragraph (K) of Article XII, Section 8, of the Constitution, it is our opinion that the authorization of the Department of Banking would not be enforceable.
In closing you have noted that there may be a conflict between that part of Neb.Rev.Stat. § 8-150 which provides that real estate acquired by banks in satisfaction of debts, etc. "shall be sold at private or public sale within five years unless authority shall have been given in writing by the department [of banking] to hold it for a longer period." (Emphasis added.)
In this regard, paragraph (K) of Article XII, Section 8, provides in part that agricultural lands acquired [by a bank corporation] in the collection of debts or for the enforcement of a lien, etc., "shall be disposed of within a period of five years." No provision is made for any extension beyond the five year period.
To the extent that Neb.Rev.Stat. § 8-150 did authorize the Department of Banking to extend the time within which a bank must dispose of farm land beyond five years, that authority has been limited by Article XII, Section 8, to five years, without extension.
Very truly yours,
ROBERT M. SPIRE Attorney General